UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHARON GLACKEN, ) | |
| ) | |
| Plaintiff, ) | 03:05-CV-00434-LRH (RAM) |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Presently before the court is Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss and Motion to Strike (# 6[1]). Wells Fargo has also filed a Memorandum of Points and Authorities in Support of its motion (# 8) and a request for judicial notice (# 9). Plaintiff Sharon Glacken has filed an opposition (# 11), to which Wells Fargo has replied (# 14).

**I. Factual Background**

This is a Title VII action arising out of Ms. Glacken's employment with Defendant. Ms. Glacken began working for Wells Fargo on or about August 13, 2003. In September of 2003, Ms. Glacken filed a grievance against Scott Nutter for alleged sexual harassment and discrimination. Ms. Glacken alleges that she was retaliated against for filing this grievance. Specifically, Ms. Glacken alleges the following retaliatory actions: she was the only employee required to re-

---

[1] Refers to the Court's docket number.

interview for her position; she was given unfounded reprimands; she was baselessly chastised for poor performance; and the management spread rumors about her. Ms. Glacken's initial complaint also stated a cause of action for "Hostile and/or Offensive Work Environment." However, the parties have since stipulated to the voluntary dismissal of this claim. Therefore, Well's Fargo's Motion to Dismiss this cause of action is moot and the court need only decide the motion to strike.

**II. Discussion**

Wells Fargo is seeking to strike the allegation in the complaint concerning the alleged "rumors" that were spread about Plaintiff and the allegation that Plaintiff was the only employee required to re-interview for her position.[2] Wells Fargo argues that these allegations do not amount to "adverse employment actions" under Title VII. In opposition, Ms. Glacken argues that the above allegations do amount to adverse employment actions as they are "reasonably likely to deter others" from engaging in a protected activity.

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Ci. P. 12(f). To establish a prima facie case of retaliation, a plaintiff must demonstrate that "(1) she engaged in an activity protected under title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)). At issue in the present motion is whether the above described allegations are "redundant, immaterial, impertinent, or scandalous" in relation to claiming an adverse employment action. "An adverse employment action is any action 'reasonably likely to deter employees from engaging in protected activity.'" *Pardi v.*

---

[2]Defendant also seeks to strike the allegation contained in the original complaint that Plaintiff was denied replacement office chairs and a new desk. However, Plaintiff's amended complaint does not contain this allegation. Therefore, this issue is moot.

*Kaiser Foundation Hospitals*, 389 F.3d 840, 850 (9th Cir. 2004) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)).

At this stage in the proceedings, the Court cannot say the above described allegations are "redundant, immaterial, impertinent, or scandalous." In addition to the allegations Wells Fargo is seeking to strike, Ms. Glacken alleges that she received unfounded reprimands and criticisms. In light of all Ms. Glacken's allegations, the Court cannot say, at this time, whether such allegations are sufficient to show an adverse employment action. Specifically, the alleged irrelevant allegations may ultimately bolster Ms. Glacken's claims that she was subjected to an adverse employment action. Therefore, it would be inappropriate to strike these allegations at this time.

IT IS THEREFORE ORDERED that Wells Fargo's Motion to Dismiss and Motion to Strike (# 6) is hereby DENIED as set forth in this order.

IT IS FURTHER ORDERED that Wells Fargo's request for judicial notice (# 9) is hereby DENIED as moot.

IT IS SO ORDERED.

DATED this 19th day of December, 2005.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3